relate only to the appeal of a disciplinary procedure.

Nevertheless, we need not reach the question whether Singleton's grievance was sufficient to provide notice of this claim, as we affirm the dismissal for failure to exhaust on an alternative ground. *See Underwood v. Wilson,* 151 F.3d 292, 296 (5th Cir.1998). At the time Singleton filed his complaint, he had not completed the Texas Department of Criminal Justice grievance process. Generally, an inmate must exhaust his administrative remedies before filing a § 1983 lawsuit. *Wendell v. Asher,* 162 F.3d 887, 890–91 (5th Cir.1998). Because Singleton did not do so, the district court did not err in dismissing the case. The judgment of the district court is AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Laura Patricia GINEZ–RODRIGUEZ, Defendant–Appellant.**

No. 05–51360
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Richard Gale Ferguson, Waco, TX, for Defendant–Appellant.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM: *

Counsel appointed to represent Laura Patricia Ginez–Rodriguez on appeal has requested leave to withdraw and has filed a brief as required by *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Ginez–Rodriguez, who pleaded guilty to aiding and abetting the transportation of an illegal alien for commercial advantage or financial gain, received a copy of counsel's motion and has not filed a response.

Our independent review of counsel's brief and the record discloses no issue of arguable merit for appeal. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

**In the Matter of: Jay S. FICTNER, Debtor.**

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**374**

Villa Capri Partnership,
et al., Appellants,

v.

Standing Chapter 13 Trustee, Appellee.

No. 05–11353.

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 2006.

Areya Holder Pronske, Office of Standing Chapter 13 Trustee, Irving, TX, for Appellee.

Before BARKSDALE, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM: *

AFFIRMED. See 5TH CIR. R. 47.6.

MID–CONTINENT CASUALTY
COMPANY, Plaintiff–Counter
Defendant–Appellee,

v.

DANESHJOU COMPANY, INC.;
et al, Defendants,

Daneshjou Company, Inc.; M.B.
Daneshjou, Defendants–Counter
Claimants–Appellants.

No. 06–50552
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 2006.

Joseph Jonathan Hlavinka, Engvall & Hlavinka, Houston, TX, for Plaintiff–Counter Defendant–Appellee.

William Cyprian Dufour, Law Office of William C. Dufour, Trey L. Dolezal, Kasling, O'Toole, Hemphill & Dolezal, Austin, TX, for Defendants–Counter Claimants–Appellants.

Before REAVLEY, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM: *

Daneshjou Company Inc. and M.B. Daneshjou (collectively "Daneshjou") appeal the district court's summary declaratory judgment that Mid–Continent Casualty Company owes Daneshjou no duty to defend or indemnify. We affirm for the reasons given by the district court in its very thorough discussion of the issue of manifestation and the evidence regarding the same.

AFFIRMED.

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.